### SISCHO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 3, 1924.)

No. 4131.

Criminal law ⟜722½, 761(14)—Comments by counsel and assumption in charge, without proof, that defendant had previously been convicted of similar offense, held error.

Where defendant as a witness, on cross-examination, admitted that he had previously been convicted of an offense, but its nature was not shown, it was prejudicial error to permit counsel to refer to him as a "convict," and for the court in its charge to assume that he had been convicted of a similar offense, and to state to the jury that it affected his credibility.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Criminal prosecution by the United States against Wesley Leroy Sischo. Judgment of conviction, and defendant brings error. Reversed.

W. E. Barnhart and Daniel Landon, both of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Sp. Asst. U. S. Atty., both of Seattle, Wash.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The plaintiff in error was convicted of the crime of importing opium prepared for smoking into the United States, and also of the crime of buying, receiving, and concealing the same opium after such importation. He offered himself as a witness in his own behalf, and was asked upon cross-examination whether he had ever been convicted of a crime. He answered that he had been convicted of a crime in the same court before a different judge. He was then asked if the conviction was for the same offense, but an objection to the question was sustained. No further testimony was offered or elicited on that subject.

In his argument to the jury, counsel for the government repeatedly referred to the fact that the plaintiff in error had served time, that he had been convicted of a felony, and finally asked the jury if they were going to take the word of seven or eight reputable witnesses, or the word of a convict. Timely objection was made to these several

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

references, and the court simply answered, "Yes." But when counsel referred to the plaintiff in error as a convict, his counsel moved the court to instruct the jury to disregard the statement, and the motion was denied. In the charge, the court assumed that the plaintiff in error had in fact been convicted of the same or a similar offense, and instructed the jury that they might consider that fact in weighing his testimony, "because it is only human experience that a man who has been convicted of an offense, in the general average, is not as dependable, and the same reliance is not to be placed upon his statements, either on or off the witness stand, as in the case of a person who has not suffered such misfortune."

It is almost needless to say that it was grave error to permit counsel to comment on facts not in the evidence, and it was likewise error on the part of the court to assume facts not in evidence. It was the right and the privilege of the government to prove that the plaintiff in error had theretofore been convicted of a similar offense, in a proper manner and by competent testimony; but, having failed in this, counsel should not have been permitted to supply the omission in his argument to the jury. The misconduct of counsel in this regard was only accentuated by the charge of the court. True, the plaintiff in error admitted that he had theretofore been convicted of an offense; but there is a wide difference between such an offense as that charged in the indictment and some other offense, perhaps a trifling misdemeanor, involving no moral turpitude.

The judgment of the court below is reversed, and the case is remanded for a new trial.