**FONTANELLO et al. v. UNITED STATES.**

Circuit Court of Appeals, Ninth Circuit.
June 13, 1927.

No. 5045.

Criminal law �köö723(5), 1171(1)—Statement of prosecutor in argument that most likely offenders belong to defendant's race held objectionable, and, not being withdrawn, reversible error.

Statement in argument of district attorney in illicit distilling case that defendants are Italians, that the majority of those running stills in the country are of the same nationality, and that a great many such names appear in still cases, *held* objectionable, as tending to create race prejudice, and tending to create the impression that accused belonged to a class of persons peculiarly addicted to the offense charged, and, not being withdrawn on attention being called thereto, constitutes reversible error.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Dominick Fontanello and others were convicted of illicit distilling, and they bring error. Reversed and remanded for new trial.

John F. Dore, Frank C. Reagan, and John J. Sullivan, all of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and Paul D. Coles and Anthony Savage, Asst. U. S. Attys., all of Seattle, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error were convicted under a count of an indictment which charged them with carrying on the business of a distillery of spirits without having given bond as required by law. Dominick Fontanello was sentenced to seven months in the county jail, Tony Fontanello to six months, and John Pinola to eight months, and each was sentenced to pay a fine of $1,000.

The assignment of error principally relied upon is that in his closing argument to the jury the district attorney said: "These men are Italians. We welcome them to our country. They should obey our laws. It is a matter of everyday knowledge that the majority of people in King county running stills are of the same nationality; that whenever we have a still case in this court in a great many cases we find the last name similar to these: Fontanello, Rocco, and Pinola. Now look at the information in this case, Dominick Fontanello, Tony Fontanello, Paulo Rocco, John Pinola, and 400 per cent. of them foreign population." To these remarks the plaintiffs in error excepted and asked that the jury be instructed to disregard them. The record shows that the court allowed an exception, but it does not show whether or not the jury were instructed to disregard the remarks.

It is beyond question that the statements of the district attorney were unjustifiable and censurable. As an officer of the court he sig-

nally failed in his duty to act in the interest of justice. His remarks were plainly unwarranted and were objectionable on two grounds. They tended to create race prejudice, and they conveyed the imputation that the accused belonged to a class of persons peculiarly addicted to the illicit distillation of liquors. Remarks such as these, which are not withdrawn, when brought to the attention of court and counsel, constitute prejudicial error, which requires reversal. Sischo v. United States (C. C. A.) 296 F. 696; Luterman v. United States (C. C. A.) 281 F. 374; Fish v. United States (C. C. A.) 215 F. 544, L. R. A. 1915A, 809.

The judgment is reversed, and the cause is remanded for a new trial.