**ROMEO et al. v. UNITED STATES.***

Circuit Court of Appeals, Ninth Circuit.
January 23, 1928.

No. 5131.

Criminal law ⬭673(4)—Court properly refused to limit evidence of codefendant's reports concerning defendants' activities in alleged conspiracy, admitted without objection, to codefendant not tried.

In prosecution for conspiracy to possess and sell intoxicating liquors and conspiracy to maintain nuisance by selling liquors, evidence regarding reports of codefendant, not tried with others, to prohibition agent concerning certain activities of defendants in furtherance of conspiracy, having been received without objection, refusal to instruct that testimony offered should be taken only as against codefendant not on trial *held* not error.

In Error to the District Court of the United States for the Northern Division of the District of Washington; Jeremiah Neterer, Judge.

Charles Romeo and others were convicted of conspiracy to conduct and maintain a common nuisance at certain designated premises, by keeping, selling, etc., intoxicating liquors, and of conspiracy to unlawfully possess and sell intoxicating liquors, and they bring error. Affirmed.

John F. Dore, F. C. Reagan, and H. S. Frye, all of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and Paul D. Coles, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error, hereinafter called the defendants, were convicted under an indictment which charged them with a conspiracy to conduct and maintain a common nuisance at certain designated premises, by keeping, selling, etc., intoxicating liquors, and a conspiracy to unlawfully possess and sell intoxicating liquors, setting forth ten overt acts, alleged to have been committed in pursuance thereof.

Error is assigned to the admission of the testimony of Whitney, prohibition agent, as to a conversation he had with Rossi concerning certain activities of the defendants in the alleged conspiracy. Rossi was indicted as a codefendant, but was not tried with the others. Whitney's testimony was to the effect that Rossi told him of his employment by the two defendants Gatt as a bartender and for other services, in selling and han-

*Rehearing denied 24 F.(2d) 527.

dling whisky and helping to operate some stills, and it covered in detail matters which were pertinent to the issues in the case, and which tended to establish the charge of conspiracy against all the defendants. No exception was taken, on the day on which this testimony was given, to any thereof. But on the following day, when the witness resumed the narrative of his conversations with Rossi, and testified to statements that Rossi had made to him a day or two before the raid and the arrest of February 28, 1925, which terminated the conspiracy, the defendants' counsel requested that the jury be instructed that the testimony then offered should be taken only as against the defendant Rossi, and not against any other defendant.

Thereupon counsel for the government stated: "This is a conversation, I understand, prior to the termination of the conspiracy." And the court inquired: "When was this conspiracy?" The answer was that it was in the fall of 1924, or early part of January, 1925. The court observed: "Very well. Go ahead." Counsel for the defendant renewed the request, and asked: "Is the request for such an instruction denied at this time?" Said the court: "At this time." An exception was noted, and the court said: "I will state that, unless the conspiracy is established between these parties of which Rossi is a part, then the statement made by Rossi could not be construed against any of the other defendants except himself, nor can the statement itself be construed as establishing conspiracy as against the other parties, but only bind Mr. Rossi, and if a statement was made in furtherance of the conspiracy, and the conspiracy is established, then it may be construed as against all the parties." The witness thereupon stated that Rossi told him that he was working under the direction of the Gattses, "and was collecting from other bootlegging establishments which Frank Gatt and John Gatt operated out of the Monte Carlo, and was furnishing liquor and collecting thousands of dollars a month, as high as $12,000 a month, and turned it over to Frank Gatt as protection and graft money from these institutions, and brought it up to the office and turned it over to Frank Gatt in the office of the Monte Carlo." Counsel for defendants moved that the said testimony be stricken, and that the jury be instructed to disregard it as incompetent, irrelevant, and immaterial. Said the court: "With relation to the collection of the graft money, that may be stricken.

There was nothing before the court to show that prior to the raid the conspiracy had terminated, as in fact it had not. We cannot see that the court committed error in its ruling, either upon the motion to strike out or the motion to instruct the jury, presented as it was in the midst of the trial. At no point was there a departure from the established rule that the acts and declarations of one conspirator are admissible in evidence against the other only when they are done and said during the existence of the conspiracy and in furtherance of its object. Logan v. United States, 144 U. S. 263, 309, 12 S. Ct. 617, 36 L. Ed. 429. All the statements of Rossi were made during the existence of the conspiracy, and his first statements were obviously made in ignorance of the fact that Whitney was an officer. It was only in his latest statements, made a short time prior to the arrest and raid, that it may be conjectured that he had turned against his co-conspirators and was aiding the officer. If such was the fact, there was no evidence of it, other than the inherent nature of the statements themselves. But those statements conveyed information of the activities of Rossi and the Gattses in furtherance of the conspiracy. They were received without objection and there was no error therefore in the refusal of the court to instruct otherwise than it did that if the statements were made in furtherance of the conspiracy and the conspiracy was established they might be construed as against all the parties.

In any view, we think that all the statements made by Rossi were competent under the rule permitting evidence of the res gestæ in conspiracy cases. In the leading case, American 'Fur Co. v. United States, 2 Pet. 358, 365, 7 L. Ed. 450, Mr. Justice Washington said: "Where two or more persons are associated together for the same illegal purpose, any act or declaration of one of the parties, in reference to the common object, and forming a part of the res gestæ, may be given in evidence against the others." In commenting upon that decision, in Wiborg v. United States, 163 U. S. 632, 657, 16 S. Ct. 1127, 1137, 1197 (41 L. Ed. 289), the Chief Justice said: "The declarations must be made in furtherance of the common object, or must constitute a part of the res gestæ of acts done in such furtherance." In Jones v. United States (C. C. A.) 179 F. 584, this court held that declarations made by one conspirator, while the conspiracy was in progress and relating to its object, although not in furtherance thereof, are admissible as part of the res gestæ against each conspirator.

The wife of the defendant Frank Gatt was called as a witness, and, upon being asked where she lived, objection was made to any testimony from her, on the ground that as the wife of said defendant she was disqualified as a witness. The objection was sustained, the court ruling that she might testify in behalf of the other defendants, but not in behalf of her husband. An exception was taken to the ruling, but no assignment of error is directed thereto. It is nevertheless contended that the ruling was error, for which the judgment should be reversed. The contention is without merit. The case is not one in which a question was propounded, so framed as to clearly admit of an answer favorable to the defendants, or either of them, within the principle declared in Buckstaff v. Russell, 151 U. S. 626, 636, 14 S. Ct. 448, 38 L. Ed. 292. The inquiry as to the place of residence of the witness suggested no answer material to the issues, and, even if the court's ruling were assigned as error, there could have been no error, unless the attention of the court had been directed to the nature and relevancy of the evidence sought to be adduced. Sarkisian v. United States (C. C. A.) 3 F. (2d) 599, and cases there cited.

Error is assigned to an instruction which, it is said, was tantamount to telling the jury that the statements made by Rossi to Whitney should be weighed the same as if they had been given in open court by Rossi himself. No such instruction was given. The only instruction in that connection was given concerning the testimony of the witness Pepe and the statements which Rossi made to Whitney. Pepe pleaded guilty and was called as a witness for the government. The court instructed the jury that Pepe and Rossi under the law were accomplices, that "the testimony of an accomplice is from a polluted source," and that the jury ought not to convict upon such testimony alone, unless after a careful examination they were satisfied beyond a reasonable doubt of its truth. The exception taken to the instruction was that it told the jury that, if they believed the testimony of Rossi as related by Whitney beyond a reasonable doubt, they could base their verdict of guilt upon it. In answer to that the court said, "No; I did not say that, but told the jury that they could consider Rossi's statement as disclosed by Whitney with all the other statements in the

case;" and the court added, "You cannot convict upon Rossi's statement alone." We find no error in the instruction as given.

It is assigned as error that the defendants' objection to the testimony of Whitney as to the meaning of certain notations on a paper list, which was taken from the person of Frank Gatt at the time of his arrest, was overruled, as was the objection to the admission of the exhibit in evidence. Whitney had received from Rossi information concerning the transactions of the Gattses with certain bootlegging establishments and their collection of money therefrom. The list contained the location by street and number of twelve "soft drink bar and bootlegging joints." It is argued that it was introduced for the purpose of showing that the places named were places from which Frank Gatt was collecting protection money on behalf of the sheriff and the chief of police, and thus improperly influencing the jury. While it is true that an exception was taken to the testimony, no ground of objection was presented. We are not convinced that the evidence was not admissible as within the scope of the conspiracy charged, a conspiracy to sell intoxicating liquors in violation of the National Prohibition Act (27 USCA); there being evidence that Rossi told Whitney that the Gattses were operating other bootlegging establishments and furnishing them liquor.

It is said that the court below should have granted a new trial on account of the language used by the district attorney in addressing the jury, in which he said: "When you find a crowd of men like these men in your city, some of them not naturalized, according to the testimony, when you find them together"—whereupon he was interrupted, and the defendants requested that the jury be instructed to disregard the remarks, and the court said: "The jury will conclude upon the evidence, and not conjecture." And again, when the district attorney said, "I will say to this jury, if you want to rid this city of one of its most corrupt influences, and you find that the evidence so warrants in this case, you will have done the city one of the best services in years," upon request of counsel for the defendants that the jury be instructed to disregard the remarks as improper argument, the court said, "The jury will disregard the conclusion."

No exception was taken, other than those above indicated, and no assignment directs attention to the alleged errors. It is contended that the case comes within our ruling in Fontanello v. United States (C. C. A.) 19 F.(2d) 921. But the remarks to the jury here were less injurious than those which were condemned in the Fontanello Case, and were far less calculated to arouse prejudice against the accused. In view of that fact, and the timely rulings of the court below, together with the failure of the defendants to assign error, we think the remarks, improper as they were, fall short of presenting ground for reversal of the judgment.

The judgment is affirmed.

RUDKIN and DIETRICH, Circuit Judges (concurring). The major part of the testimony of Agent Whitney related to reports made to him from time to time by the defendant Rossi, giving information as to the personnel of the conspiracy and narrating what they had done in the past and what they proposed to do in the future, such as when a certain cache would be filled, and where the cache could be found. Rossi was not on trial, and it will be conceded, perhaps, that statements made by him were incompetent as against the other defendants, unless made in their presence, or unless made in furtherance of the object of the conspiracy. It is not contended that the statements were made in the presence of any of the other defendants, nor can it be successfully contended that they were made in furtherance of the object of the conspiracy. Indeed, the necessary effect of the reports was to bring the conspiracy to an end, rather than to further its objects. Nor does such a narration of facts come within even the broadest conception of the res gestæ rule. For these reasons, that part of the testimony relating to reports made to the agent should have been excluded, if timely objection had been made. No such objection was interposed, however, and the subsequent request to limit the consideration of the testimony to a party not on trial was entirely futile.

For the reason that the testimony was admitted without objection, we concur in the judgment.