**TOFANELLI et al. v. UNITED STATES.**

Circuit Court of Appeals, Ninth Circuit.
October 8, 1928.

No. 5354.

Elmer P. Delany, of San Francisco, Cal. (John F. O'Sullivan, of San Francisco, Cal., of counsel), for plaintiffs in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., and Albert E. Sheets, Asst. U. S. Atty., of Sacramento, Cal.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case charges a conspiracy to defraud the United States by engaging in the business of buying high-grade gold ores and gold amalgam, stolen from mines and mills in the county of Amador, state of California, reducing the gold ores and gold amalgam to the form of gold amalgam cakes, depositing the same in the United States Mint at San Francisco, Cal., and demanding and receiving payment therefor. From a judgment of conviction, two of the defendants have prosecuted the present writ of error. The principal error assigned is based on the refusal of the court to direct a verdict of not guilty at the close of all the testimony because of the insufficiency of the testimony to

support a contrary verdict. As will be observed from a reading of the indictment, the charge consisted in an agreement or conspiracy on the part of the defendants to defraud the United States by depositing gold amalgam cakes, derived from high-grade ore stolen from the mines and mills of Amador county, Cal., in the mint at San Francisco, Cal., and demanding and receiving payment therefor. But no evidence of any kind or character was offered or admitted tending to show that any ore was stolen at any time or place or by any person, save certain statements or admissions made by the different defendants at different times, as follows: Lena Queirolo, a defendant who was acquitted of the charge, stated, in answer to the question as to how she imagined the miners came into possession of the ore sold to the other defendants: "I knew they had taken it." Mary Tofanelli, one of the plaintiffs in error, said: "Ever since we have lived in this town, people always bought and sold high-grade rock and melted gold, and nobody thought anything about any one getting in trouble over it; even the miners themselves would say, no man can take the job and go down in the shaft every day for no $4 a day, and they take the job and figure to pick up what rock they can. There was no talk about trouble until right after the three men were arrested here about the middle of last month, October, when I heard talk about it in the saloon. We followed the same practice and never thought we did anything against the law. We bought high-grade rock and amalgam cakes. We never asked where he would get it from; other times we would take it from miners for board; other times boarders would leave without paying their board and leave rock in the room." Steve Tofanelli, the other plaintiff in error, said: "We know all the rock around here is high grade. The miners all take the rock out of the mine. They cannot work for $4 a day." These statements, based on hearsay and neighborhood gossip, were in our opinion utterly insufficient to warrant the submission of the case to the jury or to support a verdict finding that the defendants had conspired to deposit stolen ore in the United States Mint, and to demand and receive payment therefor.

■ Other rulings assigned as error may not occur on a retrial, but we will refer to some of them briefly. The above statement by Lena Queirolo was made before her arrest, while the statement made by the plaintiff in error Mary Tofanelli was made after her arrest, and the court instructed the jury that they might consider the former as against all of the defendants, but could only consider the latter as against Mary Tofanelli, who made the statement. This ruling is assigned as error, and the assignment is well taken. The test whether the statement or declaration of one conspirator is admissible against others does not depend entirely upon whether the statement was made during the existence of the conspiracy. The statement or declaration must not only have been made during the continuance of the conspiracy, but it must likewise have been made in furtherance of its object. This latter element was entirely overlooked by the court below, and if the statement of one of the parties was inadmissible the statement of the other was equally so, and for the same reason. Gerson v. U. S. A. (C. C. A.) 25 F.(2d) 49, 55; concurring opinion in Romeo v. U. S. A. (C. C. A.) 23 F.(2d) 551. This question cannot arise on a retrial, however, as the acquittal of the party making the statement removes her from the conspiracy.

■ One of the witnesses for the government was asked whether any of the defendants had a license to buy or sell gold under the state law, and was permitted to answer, over objection and exception, that they had not. Manifestly the only purpose in asking this question was to prove the commission of another crime, a violation of the law of the state, which had no conceivable connection directly or indirectly with the crime charged in the indictment. The admission of this testimony was therefore error, but whether prejudicial error or not we need not inquire. The remaining assignments call for no discussion.

For insufficiency of the testimony to support the verdict, the judgment must be reversed; and it is so ordered.